IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BURG and ELLEN BURG | : | CIVIL ACTION |
| | : | NO. 07-2992 |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HEALTH AND HUMAN SERVICES, | : | |
| et al. | : | |

O'NEILL, J.                                                                                              MAY 22, 2008

MEMORANDUM

On July 20, 2007 plaintiffs Philip Burg and Ellen Burg filed a complaint against defendants the United States Department of Health and Human Services; Michael O' Leavitt, Secretary of Health and Human Services; Daniel R. Levison, Inspector General of DHHS; Joseph E. Vengrin, Deputy Inspector General for Audit Services at DHHS; Stephen Virbitsky, Regional Inspector General for Audit at DHHS; James J. Maiorano, acting as a supervisor auditor at DHHS; Eugene G. Berti, Jr., acting as a supervisor auditor at DHHS; the United States Department of Labor; Elaine L. Chao, Secretary of Labor; the United States Office of Personnel Management; Linda M. Springer, Director of the OPM; the United States Equal Employment Opportunity Commission; and Naomi C. Earp, Chair of the EEOC.

On September 19, 2007 defendants responded to plaintiffs' complaint by filing a motion to dismiss or in the alternative for summary judgment.  On October 30, 2007 I granted defendants' motion to dismiss without prejudice and allowed plaintiffs twenty days to file an amended complaint setting forth a short and plain statement of their claims as required by Federal Rule of Civil Procedure 8(a)(2).  On November 20, 2007 plaintiff filed an amended

1

complaint asserting six causes of action against defendants Department of Health and Human Services; James J. Maiorano; Eugene Berti, Jr.; Department of Labor; and Office of Personnel Management. Specifically plaintiffs' amended complaint seeks injunctive and declaratory relief along with compensatory and punitive damages for defendants' violation of the Family Medical Leave Act, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, hostile work environment, and discrimination.

Presently before me are defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56, and plaintiffs' response.

BACKGROUND

During all times relevant to this complaint and until his retirement in February 2004 plaintiff Philip Burg worked as a senior auditor in the Philadelphia Office of the Inspector General, United States Department of Health and Human Services. Defendants Berti and Maiorano were Mr. Burg's supervisors. Plaintiffs' amended complaint alleges, inter alia: Mr. Burg's supervisor would make unannounced visits to his workstation; defendants denied Mr. Burg medically necessary accommodations, e.g., part-time work, opportunity to work from home, request not to travel; required him to comply with regulations pertaining to his leave and filing of paperwork regarding his leave; called him into meetings to discuss his leave and employment future, and gave him deadlines for his decisions; used obscenities in his presence on one occasion; completed an unfavorable appraisal of his work performance; denied his traumatic injury claim; unauthorizedly disclosed his medical records; and allegedly forced him to retire on disability. The amended complaint alleges that defendants' actions caused Mr. Burg undo stress

requiring hospitalization in March, July and November 2003.[1]

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

Under Federal Rule of Civil Procedure 12(h)(3) "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall

---

[1] Plaintiff Ellen Burg is Mr. Burg's wife. Her involvement in the events giving rise to is limited to her communication involving Mr. Burg's leave application with defendant Berti during Mr. Burg's hospitalization in March 2003.

3

dismiss the action." "It is elementary that a federal court cannot create jurisdiction where none exists." 5A Wright & Miller § 1350, at 204-05.

DISCUSSION

I.      Family Medical Leave Act

The first cause of action alleged in plaintiffs' amended complaint is a violation of the Family and Medical Leave Act. The Family and Medical Leave Act entitles private and government employees to a total of 12 administrative workweeks of leave during any 12-month period under certain specified circumstances, inter alia, where a serious health condition makes the employee unable to perform the functions of the employee's position. See 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). Title I of the FMLA governs "private employees and federal employees not covered by Title II," Russell v. U.S. Dep't of the Army, 191 F .3d 1016, 1018 (9th Cir. 1999); see 29 U.S.C. § 2611(2), and Title II of the FMLA governs federal civil service employees, see 5 U.S.C. §§ 6381- 6387. "[M]ost employees of the federal government to whom the FMLA applies . . . are governed by Title II of the FMLA." Mann v. Haigh, 120 F.3d 34, 36 (4th Cir. 1997).

While Title I expressly creates a right of action for private employees, Title II does not. Compare 29 U.S.C. § 2617(a)(2), with 5 U.S.C. §§ 6381-6387. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id., quoting United States v. King, 395 U.S. 1, 4 (1969). Consistent

4

with these principles "[t]he omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA."  Mann, 120 F.3d at 37; see Russell, 191 F.3d at 1019.

In his position as a senior auditor plaintiff Mr. Burg was covered by Title II of the FMLA, and Title II does not provide plaintiffs with a private right of action for alleged violations under the Act.  Plaintiffs assert that "a violation of the Act has been held to be a basis for a finding of discrimination," but this assertion merely evinces plaintiffs' failure to recognize that I have no jurisdiction over their FMLA claim.  Furthermore plaintiffs cite no authority in support of their assertion that their FMLA claim may proceed simply because "the employer adopted the Act and promulgated regulations in accord with this Act," and it is clear to me that this assertion is without merit.  I have no jurisdiction over plaintiffs' FMLA claim and will dismiss the claim.

II.     Breach of Contract

The second cause of action alleged in plaintiffs' amended complaint is breach of contract.  Courts have recognized "the well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government."  E.g., Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985).  In Shaw v. United States the Court stated that:

> the law is well settled that, public employment does not . . . give rise to a
> contractual relationship in the conventional sense.  Therefore, plaintiff may not
> base his theory of recovery on contract law since he was a federal employee.
> Federal officials who by act or word generate expectations in the persons they
> employ, and then disappoint them, do not ipso facto create a contract liability
> running from the Federal Government to the employee, as they might if the
> employer were not the government.

640 F.2d 1254, 1260 (Cl. Ct. 1970) (citations and quotation marks omitted).  In short, "it is well established that barring some explicit agreement to the contrary entered into by a federal officer having authority to contract, federal personnel do not have contractual relationships with the Government."  House v. United States, 14 Cl. Ct. 32, 36 (1987).

In their response to defendants' present motion plaintiffs note that Mr. Burg "as a hired employee has a contract with his employer" because he "is provided with written regulations defining his benefits and his responsibilities."  Plaintiffs further stated that Mr. Burg "has been denied his defined benefits, which are contractual obligations."  Plaintiffs cite no authority to support these arguments, which are contrary to well-established principles of law, and plaintiffs' amended complaint makes no mention of any employment contract, explicit agreement or specific legislation establishing the existence of a contractual relationship between plaintiffs and the federal government.  As no contractual rights are implicated by the allegations of plaintiffs' amended complaint, I will dismiss plaintiffs' breach of contract claim for failure to state a claim.

III.     Intentional and Negligent Infliction of Emotional Distress

The third and fourth causes of action alleged in plaintiffs' amended complaint are intentional infliction of emotional distress and negligent infliction of emotional distress.

In their present motion defendants first argue that plaintiffs' emotional distress claims are barred by the Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8152.  The FECA establishes a program of workers' compensation for federal employees who are injured in the performance of their duties.  5 U.S.C. § 8102(a) ("The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty.").  Once it is determined that an injury is

within the scope of coverage of FECA, its remedy is exclusive and the employee may not bring any other claims for compensation against the government.  <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 194 (1983).  The decision to award FECA benefits is entrusted to the Secretary of Labor or his or her designee, whose decision is final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by another official of the United States or by a court by mandamus or otherwise.  5 U.S.C. § 8128(b).  In short, a federal court lacks subject matter jurisdiction over claims that are covered by FECA.  5 U.S.C. § 8128(b); <u>see also</u> <u>Heilman v. United States</u>, 731 F.2d 1104, 1110 (3d Cir. 1984) (holding that the Secretary's decision on whether FECA covers the alleged injury is final and not reviewable by the courts).

In this case the Secretary's delegee ECAB decided that plaintiffs' claim was cognizable under FECA as it ruled on the merits of Mr. Burg's FECA claims.  Plaintiffs' amended complaint alleges that on February 5, 2004 plaintiff Mr. Burg filed a FECA claim with the Office of Workers' Compensation Programs for compensation for "occupational disease" and "traumatic injury" resulting from alleged harassment, and the OWCP denied Mr. Burg's claim on March 31, 2004.  Mr. Burg then appealed to the Employees Compensation Appeals Board, a division within the Department of Labor, which on October 24, 2006 denied Mr. Burg's request for relief because he had not presented sufficient evidence that the alleged harassment occurred.  The ECAB denied Mr. Burg's motion for reconsideration on January 30, 2007.

I must defer to the Secretary's decision that FECA applies to plaintiffs' claims for injuries arising out of the alleged harassment.  Because I accordingly do not have jurisdiction over plaintiffs' present tort claims, plaintiffs' claims for intentional and negligent infliction of

7

emotional distress will be dismissed.

IV.     Hostile Work Environment and Discrimination

The fifth cause of action alleged in plaintiffs' amended complaint is harassment and hostile work environment, and the sixth cause of action alleged is discrimination.  Plaintiffs presumably bring these claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. or the Rehabilitation Act, 29 U.S.C. § 791,[2] as plaintiffs allege that Mr. Burg was the victim of harassment in the workplace and was denied work accommodations granted to similarly situated employees based on his physical restrictions.  Title VII of the Civil Rights Act of 1964 prohibits discrimination by the United States Postal Service against an employee on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated.  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations and quotation marks omitted).  Discrimination on the basis of disability is prohibited by the Rehabilitation Act of 1973.  29 U.S.C. §§ 791 & 794.

---

[2]Plaintiffs' amended complaint includes a litany of statutes that they allege were violated by defendants.  However plaintiffs: merely recite the titles of the statutes and state conclusions of law, e.g., "OIG violated the 'Civil Service Reform Act of 1978' by taking arbitrary and discriminatory action against Plaintiff without valid reasons to force Plaintiff to seek retirement," and "OIG violated the 'Age Discrimination in Employment Act (ADEA) of 1967' by discriminating against Plaintiff because he was over 40 at the time [and] [t]hey were attempting to assign his work to a younger senior auditor and one of a different gender"; offer no factual allegations to raise a right to relief above the speculative level for these claims; and fail to include any reference to the majority of these statutes or their elements in asserting their causes of action for harassment, hostile work environment or discrimination.  As the Supreme Court stated in Bell Atlantic a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  127 S. Ct. at 1964-65.

Both Title VII and the Rehabilitation Act require federal employees to exhaust administrative remedies in a timely manner before filing suit in federal court.  See Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992) (Title VII); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) (Title VII); Am. Postal Workers Union v. USPS, 650 F. Supp. 828, 830 (E.D. Pa. 1986) (Rehabilitation Act); Mackay v. USPS, 607 F. Supp. 271, 276-77 (E.D. Pa. 1985)(Rehabilitation Act).  Failure to exhaust administrative remedies is grounds for dismissal or summary judgment.  See Hornsby v. USPS, 787 F.2d 87, 89 (3d Cir. 1986).

To initiate the administrative process, a federal employee must consult an EEO counselor within forty-five days of the alleged discriminatory conduct to attempt to resolve the matter in an informal procedure.  29 C.F.R. § 1614.105.  If counseling fails to resolve the matter, the employee must file a formal written complaint with the EEOC within fifteen days of receiving notice to file a claim.  Id.  Failure to file a formal claim in a timely manner bars an action in federal court, absent an adequate showing by the employee of waiver, estoppel or equitable tolling.  See Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845 (3d Cir. 1992).  Additionally, as a prerequisite to a suit under Title VII, a plaintiff must receive a "right-to-sue" letter from the EEOC.  Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1210 (3d Cir. 1984); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973) (noting that respondent satisfied the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue).  These preliminary steps are necessary to effectuate the statutory purpose of promoting case resolution through "administrative conciliation and persuasion if possible, rather than by formal court action."  Ostapowicz v. Johnson Bronze Co.,

541 F.2d 394, 398 (3d Cir. 1976).  Title VII procedures apply to claims under the Rehabilitation Act.  29 U.S.C. § 794a(a)(1)(); Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1996) (holding that a plaintiff must exhaust Title VII remedies before bringing suit under the Rehabilitation Act).

Plaintiffs have failed to allege that they exhausted their administrative remedies with respect to their claims for harassment, hostile work environment or discrimination.  Plaintiffs merely allege that a discrimination complaint was with the EEOC on February 6, 2004 and that they were "in contact" with the EEOC.  Plaintiffs further note that the "EEO office never responded."  Therefore plaintiffs' amended complaint acknowledges that plaintiffs improperly initiated the administrative process by not consulting an EEO counselor and participating in counseling pursuant to 29 C.F.R. § 1614.105 and plaintiffs never received a "right-to-sue" letter from the EEOC.  I will dismiss plaintiffs' fifth and sixth causes of action for failure to meet the jurisdictional prerequisites.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BURG and ELLEN BURG | : | CIVIL ACTION |
| | : | NO. 07-2992 |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HEALTH AND HUMAN SERVICES, | : | |
| et al. | : | |

ORDER

AND NOW, this 22nd day of May 2008, upon consideration of defendants' motion to dismiss and plaintiffs' response, it is ORDERED that defendants' motion is granted with respect to plaintiffs' breach of contract claim.  With respect to all other claims plaintiffs' amended complaint is dismissed for lack of subject matter jurisdiction.  Judgment is entered in favor of defendants and against plaintiffs with respect to all claims in plaintiffs' amended complaint.


                                                   s/Thomas N. O'Neill, Jr.
                                                   THOMAS N. O'NEILL, JR., J.