IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BURG. et al. | : | CIVIL ACTION |
| | : | NO. 07-2992 |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HEALTH AND HUMAN SERVICES, | : | |
| et al. | : | |

O'NEILL, J.                                                                                                  December 15, 2010

## **MEMORANDUM**

Plaintiff Philip Burg worked as a senior auditor in the Philadelphia Office of Inspector General, U.S. Department of Health and Human Services until taking disability retirement in February 2004. On July 20, 2007, Burg and Ellen Burg filed this action against defendants HHS, the Secretary of HHS and four other HHS employees, the U.S. Department of Labor and its Secretary, the office of Personnel Management and its Director, and the Equal Employment Opportunity Commission and its Director alleging that Burg was subjected to several types of mistreatment while working at OIG, including workplace harassment and a denial of work accommodations granted to employees with similar health conditions. Defendants moved to dismiss all counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56 on November 30, 2007. I granted defendant's motion to dismiss Burg's breach of contract claim pursuant to Rule 12(b)(6) and dismissed his other claims for lack of subject matter jurisdiction. Plaintiff appealed my decision.

On July 21, 2010, the Court of Appeals affirmed my dismissal of Burg's claims for breach of contract, violation of the Family Medical Leave Act, intentional infliction of emotional

distress, and negligent infliction of emotional distress. The Court vacated my dismissal of Burg's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.[1], and the Rehabilitation Act, 29 U.S.C. § 791[2], finding that "exhaustion is not a jurisdictional bar" and noting that for purposes of Rule 12(b)(6) Burg's exhaustion allegations were "minimally sufficient . . . ." Burg v. U.S. Dep't. of Health and Human Servs., No. 08-3170, 2010 WL 2842858, at *3 (3d Cir. July 21, 2010). On remand defendants moved to substitute Kathleen Sebelius as defendant and seek summary judgment with respect to plaintiffs' remaining Title VII and/or Rehabilitation Act claims for harassment, hostile work environment and discrimination. Defendants reiterate their argument that Burg failed to exhaust his administrative remedies prior to raising his claims of discrimination in this action.

Defendants assert that Burg telephoned the Equal Employment Opportunity Office, Office of the Secretary on February 6, 2004 to file an informal EEO complaint alleging disability discrimination. Def's. Stmt. of Undisp. Mat. Facts, at ¶ 2 (Doc. No. 18). Defendants cite the sworn declaration of Christine H. Smith, an EEO Equal Employment Specialist, in which she details the available record of Burg's contacts with the EEO and states that Burg "did not ever file a formal complaint with [her] office." Smith Decl. at ¶¶ 3-4, 7 (Doc. No. 18). Smith declares that after Burg's initial telephone call an assigned "EEO counselor scheduled the Initial Interview meeting(s) with Mr. Burg and his attorney. [Thereafter] Mr. Burg or his attorney

---

[1] Title VII prohibits discrimination by the United States Postal Service against an employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a) (1994).

[2] Discrimination on the basis of handicap is prohibited by the Rehabilitation Act of 1973. 29 U.S.C. §§ 791, 794 (1994).

cancel[ed] the scheduled meeting(s). No interview meeting ever took place because of the numerous canceled scheduled meetings which were canceled by Mr. Burg or his attorney." Id. at ¶ 4. Smith's declaration does not name the assigned EEO counselor or detail the source of her understanding that Burg or his attorney cancelled scheduled meetings. Burg's EEO claim was closed "on July 12, 2004, for failure by Mr. Burg to pursue it." Id. at ¶ 3.

Plaintiffs' amended complaint alleges only that Burg "filed a discrimination complaint" with the EEO on February 6, 2004. Am. Compl. at ¶ 51 (Doc. No. 6). It does not specify whether his claims were made in an informal or formal complaint. The only additional reference to Burg's EEO complaint in the amended complaint notes that "he was in contact with the [EEO] office for HHS before the July 12, 2004 date and was still in contact with them after the July 12, 2004 date. However the EEO office never responded to Plaintiff or the Plaintiff's counsel phone contacts to their office." Id. at ¶ 113. In his response to defendants' statement of undisputed material facts, Burg now asserts that he "filed an informal and formal complaint" and that "the meetings [with the EEO] did not take place for numerous reasons, however the EEO was fully aware of [Burg's] claim for disability discrimination. Mr. Burg did pursue his claim." Pl.'s Resp. to Def.'s Stmt. of Undisp. Mat. Facts at ¶ 3 (Doc. No. 19) (emphasis added). Burg does not elaborate as to the details of his filing of a formal complaint or as to the "numerous reasons" why he did not meet with an EEO counselor and provides no additional evidence to establish the EEO's responsibility for any failure of communication with respect to his complaint or an unwarranted dismissal of Burg's claims. In their response to defendants' reply memorandum, plaintiffs submit for the first time that "on July 12, 2004, [Burg] sent a letter to EEO in Philadelphia, as an appeal of the decision to close the case." Pl.'s Resp. to Reply Mem. of Def.'s

at 2-3 (Doc. No. 22).  However, plaintiffs have not produced a copy or other evidence of this letter.

For the reasons that follow, I will grant defendants' motions to substitute Kathleen Sebelius as defendant and will grant defendants' motion for summary judgment.

MOTION FOR SUBSTITUTION OF KATHLEEN SEBELIUS

Defendants correctly contend that the only proper defendant in a Title VII or Rehabilitation Act action brought by a federal employee is the head of the employing department. 42 U.S.C. § 2000e-16(c) ("the head of the department, agency, or unit, as appropriate, shall be the defendant"); see also Arizmendi v. Lawson, 914 F. Supp. 1157, 1159 (E.D. Pa. 1996) ("The only proper party in a discrimination suit by a federal employee is the head of the agency in which the plaintiff was employed."); Thaxton v. Runyon, No. 94-3834, 1995 WL 128031, at *1 n.1 (E.D. Pa. Mar. 24, 1995) ("the only proper defendant in a Title VII or Rehabilitation Act action involving the federal government is the head of the employing department or agency"). Here, that would be Kathleen Sebelius, Secretary of the Department of Health and Human Services.  Accordingly, I will grant Defendants' motion to substitute Kathleen Sebelius as defendant and will dismiss plaintiffs' claims against the United States Department of Health and Human Services, James J. Maiorano, Eugene G. Berti Jr., the United States Department of Labor and the United States Office of Personnel Management.

MOTION FOR SUMMARY JUDGMENT

The party moving for summary judgment has the burden of demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  If the

movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 255. A fact is "material" if it might affect the outcome of the case under governing law. Id.

To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S., at 322.

Before filing suit in federal court, both Title VII and the Rehabilitation Act require federal employees such as Burg to exhaust their administrative remedies in a timely manner. See

Freed v. Consol. Rail Corp., 201 F.3d 188, 192 (3d Cir. 2000) (Rehabilitation Act); Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2000) (Title VII); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) (Title VII); Am. Postal Workers Union v. USPS, 650 F. Supp. 828, 830 (E.D. Pa. 1986) (Rehabilitation Act). "Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." Williams v. Runyon, 130 F.3d 568, 573 (3d Cir.1997). I find that defendants have met their burden of establishing that Burg failed to exhaust his administrative remedies.

To exhaust his administrative remedies, Burg was required to initiate contact with an EEO counselor to attempt informal resolution "within 45 days of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a) (1). The parties do not dispute that Burg made the required preliminary contact with the EEO through his February 6, 2004 telephone call. At issue is whether Burg thereafter filed a formal complaint of discrimination, as required by 29 C.F.R. Sections 1614.106(a) and (b). The filing of a formal complaint with the EEOC and the receipt of a right to sue letter prior to bringing suit "are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action." Ostapowicz, 541 F.2d at 398.

I find that there is no genuine dispute that Burg "did not ever file a formal complaint." Smith Decl. at ¶ 7. Federal Rule of Civil Procedure 56(c)(1)(A) provides that a party asserting that a fact cannot be genuinely disputed can support its assertion by "citing to particular parts of materials in the record, including . . . declarations . . . ." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge,

set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In their briefing, plaintiffs question the validity of the Smith declaration – "unless Ms. Smith has first hand knowledge of every formal complaint it is hard to ascertain how she [knows that Burg did not file a formal complaint]." Pl.'s Resp. to the Repl. Mem. of Def.'s at 1 (Doc. No. 22). I disagree. Smith declares that she is "familiar with the official informal and formal complaint records filed by present and former employees . . . as well as with the system by which those records are maintained." Smith Decl. at ¶ 1 (Doc. No. 19). She notes that the "OS EEO Office maintains a filing record of informal <u>and</u> formal complaints filed with the Department . . . ." Id. at ¶ 2 (emphasis added). Her declaration is sufficient to establish that while Burg registered an informal complaint with HHS' EEO Office by telephone on February 6, 2004, his informal complaint was closed on July 12, 2004 and there is no record of a formal complaint or any further communication between Burg and the EEO thereafter. Id. at ¶¶ 5, 7; see Rodriguez v. U.S. Postal Serv., No. 04-916, 2005 WL 486610, at *4 (E.D. Pa. Mar. 1, 2005) (accepting defendant's similar affidavit as evidence that plaintiff failed to file an EEO complaint).

Further, plaintiffs have not shown that defendants "cannot produce admissible evidence to support the fact" that Burg never filed a formal complaint. Fed. R. Civ. P. 56(c)(4). Although Burg now refers to having filed a "formal" complaint, Pl.'s Resp. to Def's. Stmt. of Undisp. Mat. Facts at ¶ 3 (Doc. No. 19), he has not produced any evidence of this document.[3] In his responses

---

[3] The required formal complaint must contain a statement signed by the complainant or his attorney that is "sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c).

to defendants' summary judgment briefing, Burg has not submitted any specific evidence, such as declarations or affidavits, to refute the facts set forth in Smith's declaration. Instead, Burg merely elaborates on statements made in his complaint. "It is axiomatic that in defending against summary judgment, a party cannot simply reassert the facts alleged in [his] complaint; instead [he] must 'go beyond the pleadings and by [his] own affidavits . . . designate specific facts showing that there is a genuine issue for trial." Fissel v. Napolitano, No. 09-0005, 2009 WL 3624719 (M.D. Pa. Oct. 29, 2009) (emphasis added), quoting Celotex, 477 U.S. at 324; see Moore v. Paulsen, No. 06-4808, 2008 WL 4274383, at * 9 (E.D. Pa. Sep. 15, 2008) (finding plaintiff met her summary judgment burden to establish equitable waiver of the exhaustion requirement where she "submitted an affidavit wherein she asserts that she was never told of the 45-day time limit" to seek counseling from the EEO). "[A] party who resists summary judgment cannot hold back his evidence until the time of trial . . . ." Robin Constr. Co. v. U.S., 345 F.2d 610, 613 (3d Cir. 1965). Plaintiffs cannot establish that a genuine dispute exists as to whether Burg filed a formal complaint with an assertion that "[d]ocumentation can be provided at trial." Pl.'s Resp. to Repl. Mem. of Def.'s at 2.

Failure to file a formal claim in a timely manner bars an action in federal court absent an adequate showing by the employee of waiver, estoppel or equitable tolling. See Dicroce v. Norton, 218 Fed. App'x 171, 173 (3d Cir. 2007) ("because Title VII's exhaustion requirements are not jurisdictional . . . they are subject to the doctrines of waiver, estoppel and equitable tolling"). In his amended complaint, Burg appears to assert that the actions of the EEO prevented him from filing a formal claim of discrimination: "[h]owever the EEO office never responded to Plaintiff or the Plaintiff's counsel phone contacts to their office." Am. Compl. at ¶ 113 (Doc. No.

6). Accordingly, I must consider whether the doctrines of waiver, estoppel, or equitable tolling should be applied to preserve Burg's discrimination claim.

Plaintiffs have not presented any evidence that defendants waived the exhaustion requirements. Nor have they presented any evidence to support their suggestion that Burg was somehow prevented from asserting a formal claim of discrimination. Instead, they assert only that "the meetings [with the EEO] did not take place for numerous reasons . . . ." Pl.'s Resp. to Def's. Stmt. of Undisp. Mat. Facts, at ¶ 3 (Doc. No. 19). Plaintiffs have not advanced any evidence that would persuade me to use my equitable power to estop defendants from asserting Burg's failure to exhaust. See Rodriguez, 2005 WL 486610, at *4 n.8 ("Plaintiff failed to articulate any reasons and set forth no facts which necessitate tolling the deadlines."); see also Donovan v. Henderson, 45 Fed. App'x 178, 179 (3d Cir. 2002), citing Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F. 3d 1380, 1387 (3d Cir. 1994) (The Court of Appeals has "noted three principal, although not exclusive, reasons to permit equitable tolling: (1) where the defendant has actively misled plaintiff; (2) where the plaintiff, in some extraordinary way, has been prevented from asserting [his] rights; or (3) where the plaintiff has timely asserted his rights, but in the wrong forum.").

Where the "record is completely devoid of any evidence that [Burg] has filed a claim of discrimination with an EEO counselor, let alone that an EEO investigation has been finalized," Paddock v. Perry, No. 93-0180, 1996 WL 432482, at *2 (E.D. Pa. Jul. 18, 1996), and there is no evidence to support application of the doctrines of waiver, estoppel or equitable tolling, there is

no genuine dispute that Burg failed to exhaust his administrative remedies.[4] I will grant defendants' motion for Summary Judgment.

An appropriate Order follows.

---

[4] Because I find that Burg failed to exhaust his administrative remedies, I will not consider whether he has stated Title VII or Rehabilitation Act harassment, hostile environment or discrimination claims.